IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALEXANDER ROBERSON, #1889260,** § <br> *also known as Alexdenar Roberson* § <br> Petitioner, § <br> § <br> v.   § <br> § <br> **LORIE DAVIS, Director, TDCJ-CID,** § <br> Respondent. § | **CIVIL CASE NO. 3:17-CV-257-L-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for findings, conclusions, and recommendation. For the reasons stated here, the habeas corpus petition should be **DENIED**.

**I.   BACKGROUND**

A jury convicted Roberson of capital murder of a child under the age of ten years of age, and because the death penalty was not sought, he was sentenced to a mandatory term of life imprisonment without the possibility of parole. *State v. Roberson*, No. F12-58374 (Crim. Dist. Court No. 1, Dallas Cty., Tex., Oct. 3, 2013), *aff'd*, No. 05-13-01416-CR, 2015 WL 2195097, *1 (Tex. App.—Dallas, May 8, 2015, no pet.). Subsequently, the Texas Court of Criminal Appeals (TCCA) denied state habeas relief without written order. *Ex parte Roberson*, No. 85,948-01, 2016 WL 7155097 (Tex. Crim. App. Dec. 7, 2016); Doc. 13-16 at 1; Doc. 13-18 at 13.[1]

---

[1] The state habeas court record is available at Doc. 13-18, and the reporter's record (R.R.) is available at Doc. 13-4 through Doc. 13-11.

On January 27, 2017, Roberson filed this *pro se* federal habeas petition, asserting ineffective assistance of counsel, that the evidence was insufficient to support his conviction, and that his automatic life sentence without the possibility of parole constituted cruel and unusual punishment.  Doc. 3 at 5-11.  Respondent maintains one claim is procedurally barred and that the others lack merit.  Doc. 11.  Roberson has filed a reply.  Doc. 14.

## II.     PROCEDURALLY BARRED—Ground Two

Roberson alleges in Ground Two that the evidence was "insufficient to prove all elements of the charged offense, in violation of [his] due process rights under the Fourteenth Amendment to the United States Constitution."  Doc. 3 at 7.  Because this claim is procedurally defaulted, however, the Court cannot consider it.

Respondent argues that this Court may not consider Roberson's insufficiency-of-the-evidence claim simply because it was denied as not cognizable by the state habeas court.  Doc. 11 at 20, 22.  As Respondent correctly notes, Roberson attempted to challenge the sufficiency of the evidence in his state habeas application to the TCCA, but "it is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on [a state] application for a post-conviction writ of habeas." *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  Accordingly, the TCCA rightly denied Roberson's insufficiency claim without written order.[2]  Doc. 13-16 at 1; Doc. 13-18 at 13.  Respondent also correctly notes that "[a] federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default," *Coker v. Thaler*, 670 F. Supp. 2d 541, 550

---

[2] *See Grigsby*, 137 S.W.3d at 674 (clarifying that when a sufficiency claim raised in a state habeas application is denied without written order, the "sufficiency claim was denied because the claim is not cognizable").

(N.D. Tex. 2009 (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)). This Court's analysis cannot end there, however.

Roberson also raised his claim that the evidence was insufficient to support his conviction on direct appeal. *Cf. Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (per curiam) ("As [the petitioner] raised his sufficiency claim *only in his state habeas application*, the Texas Court of Criminal Appeals's denial of his application was based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted.") (emphasis added) (citing *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004); *Grigsby*, 137 S.W.3d at 674). None of the cases Respondent cites in support of her position—that the state habeas court's denial of Roberson's insufficiency claim as defaulted also procedurally bars federal review—addressed the situation presented here, where, in addition to the sufficiency-of-evidence claim being raised in a state habeas application, it was also raised on direct review to the appropriate state appellate court. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (certiorari granted as to appellate court holding that "federal claims [appellant] presented only in the state habeas proceeding was barred"); *Harris v. Reed*, 489 U.S. 255, 263 (1989) (state bar due to appellant's failure to raise claims on direct appeal); *Amos v. Scott*, 61 F.3d 333, 345 (5th Cir. 1995) (determining whether the "Texas contemporaneous objection rule, as applied by the TCCA to [a petition for] writ of habeas corpus, is an independent and adequate state-law procedural ground sufficient to bar federal court habeas review of federal claims").

Unlike in the Texas habeas court, a properly exhausted insufficiency claim is cognizable in a federal habeas action:

> [I]t is clear that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of

> fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim.
> Thus, assuming that state remedies have been exhausted, see 28 U.S.C. § 2254(b),
> and that no independent and adequate state ground stands as a bar, it follows that
> such a claim is cognizable in a federal habeas corpus proceeding.

*Jackson v. Virginia*, 443 U.S. 307, 321 (1979). Thus, although Respondent gives it only brief mention, Doc. 11 at 21, this ground turns on whether Roberson fully exhausted his direct appeal of the sufficiency issue. As the record clearly shows, he did not.

A petitioner must fully exhaust state remedies by fairly presenting the substance of his claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008); *Morris v. Dretke*, 413 F.3d 484, 490-91 (5th Cir. 2005). As relevant here, a Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the TCCA in a petition for discretionary review. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). However, as stated *supra*, Roberson argued that the evidence was insufficient to support his conviction on direct appeal but failed to request discretionary review of the state court of appeals' rejection of his claim. *Roberson*, 2015 WL 2195097, at *3-4; Doc. 3 at 7. Roberson's failure to challenge the sufficiency of the evidence in a timely petition for discretionary review to the TCCA following the adverse ruling on direct appeal constitutes a procedural default that bars this Court's review of his claim on the merits. *See Ries,* 522 F.3d at 523-24 (noting that failure to exhaust is a procedural bar); *Steele v. Davis*, 707 F. App'x 811, 811 (5th Cir. 2018) (per curiam) (concluding the claim was unexhausted because it was not raised in a petition for discretionary review).

While Roberson may overcome that procedural default by showing cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were

to refuse to consider his claims, he has failed to do so. *See Coleman*, 501 U.S. at 750, *modified by Martinez v. Ryan*, 466 U.S. 1 (2012). Roberson initially offered no explanation for the failure to exhaust remedies, averring only in his petition, "Remedies Exhausted." Doc. 3 at 7. In his reply to Respondent's arguments he states:

> Regarding any procedural default, Petitioner pleads as cause the failure of his court-appointed state appellate attorney to file a petition for discretionary review, and prejudice resulting from any inability of this court to address the claim on the merits.[3]

Doc. 14 at 5. This conclusory and unsupported assertion is insufficient to establish cause and is wholly inadequate to demonstrate actual prejudice. Moreover, the fundamental miscarriage of justice exception requires a persuasive showing of actual innocence, which Roberson likewise has failed to allege or show. *Coleman*, 501 U.S. at 748 (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

### III. REVIEW ON THE MERITS

Although exhausted, Roberson's remaining claims lack merit.

#### A. Standard of Review

Roberson is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[3] As discussed *infra*, Roberson had no right to counsel at the discretionary review stage.

Roberson bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102).

Consequently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see also Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original). The deferential standard of review applies even where the state court, as in this case, summarily denied all claims without written order. *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

The Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the

deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**B.  Ineffective Assistance of Counsel at Trial – Ground One**

Roberson asserts that his trial counsel rendered ineffective assistance in failing to investigate his "mental and emotional health background." Doc. 3 at 5. He avers that he had a "long history of learning and cognitive problems," including "focusing, internalizing statements made by others in conversation, and appropriately responding as would a person of ordinary cognitive function." *Id.* Roberson maintains that counsel should have secured funds to retain a mental health expert to evaluate his mental health issues. *Id.* He argues, *inter alia*, that the results of a mental health evaluation would have called into doubt Roberson's waiver of his Miranda rights, thus, permitting counsel to challenge the voluntariness of Roberson's subsequent

statements to investigators. Doc. 3 at 19. In support of his claim, Roberson submits two affidavits of his mother, Aneita Roberson, and a copy of a psychological evaluation conducted when he was 11 years old—all also presented in support of his previous state habeas application, Doc. 3 at 17-18; Doc. 13-18 at 23, 73-84.

Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). Here, Roberson proffers little explanation of how counsel's investigation was deficient. *See Strickland*, 466 U.S. 668, 689 (petitioner bears burden to show that his attorney's actions "fell below an objective standard of reasonableness"). He relies almost exclusively on his mother's affidavits in support of his claims, in which she avers that she (1) spoke to counsel before trial, (2) asked him to investigate Roberson's history of mental and emotional problems, and (3) requested him to obtain a copy of the old psychological evaluation.

In this instance, counsel's refusal to consider the seven-year-old psychological report as germane to Roberson's defense or to attack the voluntariness of Roberson's statement on the grounds of lack of mental capacity was clearly trial strategy. In his affidavit, counsel averred:

> Upon my appointment, I hired Jeff Gardner as my investigator. Additionally, I consulted with retired Pathologist Dr. Juan Zamorra on the medical and autopsy reports.
>
> My investigator and I interviewed all of the people present at the home when the incident happened. That would include applicant's brother and cousin. I also went to the home where the Incident took place.
>
> I also interviewed neighbors of the applicant, said neighbors have known the applicant most of his life.

> From my investigation and conversations with the applicant, I learned he was a recent graduate from a charter high school. I also learned that he was set to enroll at Full Sail University which is located in the State of Florida.
>
> At no time during my interviews with the applicant's family was I told that he had any type of learning disability or any type of mental development disability.
>
> At no times during my interviews with applicant did he display any behavior that would have caused me to be concerned about his ability to process information or not understand questions asked of him.
>
> With respect to the allegation by Anita Roberson, I can emphatically state that conversation never happened.

Doc. 13-17 at 8.

Contrary to Roberson's assertions and those in the affidavits of his mother, the findings in the very dated psychological report related mainly to sociological and intellectual issues he manifested at age 11. Moreover, any suggestion of mental, emotional, or cognitive difficulties having had an impact on the voluntariness of Roberson's statements to the police was refuted by what the investigation (including interviews of people more recently familiar with Roberson) did reveal, e.g., no report of a learning disability, Roberson was preparing to enroll in college at the time of the offense, etc. Under these facts, Roberson has wholly failed to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that the decisions not to pursue further the old psychological report or challenge Roberson's statements as involuntary due to his purported mental health issues was simply sound trial strategy. *Id.* at 689

Moreover, Roberson has failed in his burden to demonstrate how further investigation would have helped his defense and, ultimately, affected the outcome of his trial. His suggestion that counsel obtaining the prior psychological evaluation ultimately would have resulted cause to

challenge the voluntariness of his statements is mere conjecture. Roberson also has not identified any mental health expert who was available and willing to testify on his behalf, or the substance of the testimony such expert would be expected to give in favor of his defense. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (to show that counsel rendered ineffective assistance by neglecting to secure and call a lay or expert witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense"); *Evans v. Cockrell,* 285 F.3d 370, 377-78 (5th Cir. 2002) (denying uncalled expert witness claim where petitioner failed to present evidence of what scientific expert would have stated if called).

In his reply, Roberson attempts to fault the conduct of the state habeas proceedings for his failure to meet his burden, arguing that: (1) the trial judge and the TCCA failed to evaluate the credibility of his mother's and trial counsel's affidavit, and (2) trial counsel should have recused himself because, when Roberson's state habeas application was pending, counsel was employed by the Dallas District Attorney's Office. Doc. 11 at 1-5. Without regard to the merit of his assertions, infirmities in collateral proceedings are not grounds for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001). Specifically as to trial counsel's participation, he never purported to represent Roberson's interests during the state habeas proceedings; rather he only submitted an affidavit—as ordered by the trial court—addressing Roberson's ineffective assistance claims. Doc. 13-18 at 68 (*Order Designating Issue*).

Because Roberson has not demonstrated that the state court's implicit decision rejecting his ineffective-assistance claim was contrary to or an unreasonable application of clearly established federal law, his claim lacks merit.

### C. Life Sentence Without Parole – Ground Three

Next, Roberson argues that the imposition of an automatic life sentence without the possibility of parole for capital murder amounts to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendments. Doc. 3 at 9. He avers that: (1) at the time of the offense, he was 18 years old with no prior criminal record; (2) he had a history of social and cognitive issues; (3) no evidence had been presented that he could not be successfully rehabilitated; and (4) his conviction was based entirely on circumstantial evidence. Doc. 3 at 9. He contends that, as such, he has presented "a good-faith argument for the modification or extension of present Constitutional law." Doc. 14 at 6. However, his claim is unsupported and erroneous.

Texas courts have unequivocally held that Texas' provision for an automatic life sentence for capital murder does not violate the Eighth Amendment. *See Murkledove v. State*, 437 S.W.3d 17, 30 (Tex. App.—Fort Worth 2014, pet. dism'd) ("Texas courts have consistently held that the mandatory life sentence required under section 12.31(a) of the penal code . . . is not unconstitutional as cruel and unusual punishment under the Eighth Amendment"). No clearly established federal law casts doubt on that holding. Although Roberson challenges his sentence in light of his relative youth, a mandatory sentence of life without the possibility of parole is only available for the intentional commission of capital murder by persons who are 18 years old or older. TEX. PEN. CODE § 12.31(a)(2). Roberson concedes he was not a juvenile when the

offense occurred. Thus, the holding in *Miller v. Alabama*, 567 U.S. 460, 490 (2012)—that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"—is inapplicable here. And while he essentially contends that no mitigating evidence was considered at sentencing, the Supreme Court has held that the imposition of a mandatory life sentence, without the opportunity to present mitigating circumstances, does not violate the United States Constitution. *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991). Finally, to the extent Roberson intends to argue that Texas' capital murder sentencing scheme is unconstitutional as applied to him, he is procedurally barred from doing so, having failed to raise that issue in the trial court. *McCullum v. Dretke*, 89 F. App'x 888, 892 (5th Cir. 2004).

Roberson plainly fails to show that the state court's rejection of this claim was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. Accordingly, this claim has no merit.

### D. Ineffective Assistance of Counsel on Appeal – Ground Four

Roberson's claims of ineffective assistance of counsel on appeal fare no better. He asserts his appellate counsel rendered ineffective assistance by failing to (1) present the issue of cruel and unusual punishment and (2) file a petition for discretionary review. Doc. 3 at 11. But he has not shown that counsel's performance was deficient and that it prejudiced him. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (applying *Strickland* standard in evaluating the ineffective assistance of appellate counsel). As discussed *supra*, Roberson's argument that his mandatory life sentence without the possibility of parole amounts to cruel and unusual punishment wholly lacks merit. Consequently, appellate counsel was not ineffective in failing to

raise the issue on direct appeal.  See *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("'Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim.'" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990))).

Roberson's complaint about appellate counsel's failure to file a petition for discretionary review likewise fails.  His right to counsel ended when the appellate court issued its decision and, thus, it did not extend to the filing of a petition for discretionary review.  See *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002) ("there is no right to counsel for discretionary reviews in state court. . . . The constitutionally secured right to counsel ends when the decision by the appellate court is entered" (citing *Ross v. Moffitt*, 417 U.S. 600, 619 (1974)).  As the right to effective assistance of counsel flows from the Sixth Amendment right to counsel, Roberson cannot demonstrate ineffective assistance of counsel on the basis of appellate counsel's failure to file a petition for discretionary review.  See *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970) ("[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel").  That said, Roberson also cannot demonstrate any prejudice resulting from the failure to file a petition for discretionary review.  He has advanced no sound legal arguments to call into question the decision of the appellate court affirming his sentence and conviction.

Thus, the state court's determination impliedly rejecting Roberson's ineffective assistance claims was neither contrary to nor involved an unreasonable application of clearly established federal law.  Accordingly, these claims lack merit.

## IV. EVIDENTIARY HEARING

Roberson requests an evidentiary hearing to expand the habeas record and prove his allegations. Doc. 14 at 1-6. He claims anew that the state court denied him a hearing and failed to adjudicate his claims on the merits. But as previously noted, "§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Richter*, 562 U.S. at 100. Moreover, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition only asserts claims under section 2254(d)(1) that were adjudicated on the merits in state court. Roberson cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## V. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DENIED**.

**SO RECOMMENDED** August 30, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

                                                                           _____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE